**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Michael Miller, ) | CASE NO. 1:11 CV 233 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | |
| Michael J. Astrue, ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kathleen Burke recommending that the decision of the Commissioner be AFFIRMED. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Plaintiff, Michael Miller, seeks judicial review of defendant's final decision denying his application for social security disability benefits. Plaintiff argued before the Magistrate Judge

1

that the administrative law judge ("ALJ") failed to consider "the plaintiff's cognitive disorder and/or schizoid personality disorder" at step two and subsequent steps of the sequential evaluation. In addition, plaintiff argued that the ALJ improperly applied the *Drummond* rule in evaluating plaintiff's claim. The Magistrate Judge rejected both arguments. Plaintiff now objects on the following grounds: the ALJ failed to properly consider all of his impairments; the ALJ improperly rejected opinion evidence; the ALJ improperly applied the *Drummond* rule; the ALJ improperly considered plaintiff's work and activities; and the ALJ's decision was not based on substantial evidence. Each argument will be addressed in turn.

    1.    Consideration of plaintiff's "cognitive disorder and/or schizoid personality disorder"

The Magistrate Judge concluded that, while the ALJ failed to find that defendant suffered from a "cognitive and/or schizoid personality disorder" at step two, he did conclude that plaintiff suffered from severe mental impairments. Thereafter, the ALJ recognized and considered plaintiff's work-related limitations in analyzing plaintiff's RFC. As such, the ALJ concluded that any alleged error is not reversible error. This Court agrees. As noted by the Magistrate Judge, the ALJ included cognitive impairments in his RFC, including limitations regarding plaintiff's ability to perform complex tasks, work involving arbitration, confrontation, or negotiation, and stress-related and production quota limitations. The ALJ also identified social limitations.[1] Thus, while the ALJ may not have concluded that plaintiff suffers from a severe

---

[1] Plaintiff argues that the RFC included "only the restrictions found by a previous ALJ, despite clearly worsening problems." While the RFC may mirror the RFC of the previous ALJ, the ALJ in this case did not expressly adopt the previous ALJ's RFC. Rather, the ALJ in this case independently arrived at the current RFC.

impairment at step two, the Court agrees that any alleged error would be harmless as the ALJ considered limitations relating to this impairment in addressing plaintiff's RFC.  Accordingly, the objection is not well-taken.

    2.        Rejection of opinion evidence/*Drummond* rule

In this case, plaintiff previously applied for disability benefits alleging an onset date of April 1, 2001.  That application was rejected by a previous ALJ on October 28, 2004.  The Sixth Circuit held that "absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).  Under social security regulations, the *Drummond* rule must be followed "unless there is new and material evidence relating to such a finding...." *See*, Acquiescence Ruling 98-4(6).  After discussing the *Drummond* rule, the ALJ concluded:

> Less than three years elapsed between the prior decision and Mr. Miller's subsequent application.  The record does not contain new and material evidence regarding the period from April 1, 2001, the alleged onset date, through October 24, 2004, the date of the prior decision.  Therefore, I am bound by the previous decision *for that period*.

(ECF 11, at p.12)(emphasis added).

Although slightly unclear, it appears that plaintiff mistakenly believes that the ALJ simply adopted the previous ALJ's RFC for the *entire* disability period.  This paragraph, however, expressly indicates that the ALJ understood and properly applied *Drummond* only to the period expressly covered by the previous disability determination.  Plaintiff also generally argues that plaintiff's conditioned worsened, therefore, "new additional evidence" exists and the ALJ was not bound by the *Drummond* rule.  The Court agrees with the Magistrate Judge, however, that the ALJ did not err in concluding that no "new and material evidence" relevant to the previously adjudicated period exists sufficient to overcome *Drummond*.  The fact that the

3

ALJ computed a nearly identical RFC as to that computed by the previous ALJ does not mean that the ALJ simply adopted the prior RFC in contravention of *Drummond*. Rather, the ALJ in this case simply concluded that the record pertaining to the period of disability commencing after October 28, 2004, supported the same limitations.

Plaintiff argues that the ALJ improperly applied *Drummond* because he gave full weight to the opinions of the state agency reviewers. Dr. Pawlarczyk, the first state agency reviewer opined as follows:

> The [Mental Residual Functional Capacity] given is an adoption of the ALJ MRFC dated 10-28-04. The MRFC is being adopted under [the *Drummond* rule].

Dr. Vasiloff, the second state agency reviewer opined as follows:

> The RFC...is an adoption of the ALJ decision dated 10/28/04. The RFC is being adopted under [the *Drummond* rule].

According to plaintiff, these state agency reviewers misapplied the *Drummond* rule and believed they were compelled to simply adopt the RFC determined by the first ALJ. Although both reviewers indicated that the previous RFC was being adopted under *Drummond*, the Court is not convinced that the *ALJ* misapplied *Drummond*. As set forth above, the ALJ understood the *Drummond* rule and applied that principle only up to the issuance of the previous disability determination. There is no indication that the ALJ misapplied the law in this regard.

Even if the ALJ should not have accorded full weight to these opinions, there was still substantial evidence in the record supporting the ALJ's determination. As the Magistrate Judge pointed out, neither Proehl[2] nor Spring (who both opined that plaintiff met the listings) were

---

[2] Plaintiff also objects that the Magistrate Judge noted that Proehl's treatment notes varied over time and that plaintiff's diagnosis changed. The objection is rejected. The ALJ discounted Proehl's

4

treating physicians. Thus, there opinions were not entitled to controlling weight. Plaintiff does not object to this conclusion. For the reasons stated in the R&R, the Court finds that the ALJ properly discounted these opinions. Moreover, the Court notes that Richard C. Halas, M.A., performed a consultive examination. Halas noted that plaintiff was "referred for an individual psychological evaluation in order to determine his *current* levels of adjustment and mental status...." The ALJ adopted Halas's opinion that plaintiff was not limited with regard to his ability to perform simple, routine tasks and that plaintiff was moderately limited in his ability to withstand the pressures of work. Halas concluded that plaintiff was mildly limited in social functioning, but the ALJ concluded that the evidence as a whole demonstrated greater limitations. The ALJ's reliance on Halas's opinion not only assists in providing substantial evidence to support he ALJ's conclusions, but demonstrates that the ALJ did not misapply *Drummond*. Had the ALJ simply believed that he was required to adopt the prior RFC, it would make no sense to adopt portions of Halas's opinion.

In all, the Court finds that the ALJ did not misapply *Drummond* and the decision is supported by substantial evidence.

3. Work activities

Plaintiff objects to the ALJ's consideration of plaintiff's work and personal activities.

---

opinions because they were also inconsistent with plaintiff's activities and the evidence as a whole. For example, Proehl indicated that plaintiff was capable of living independently, took public transportation and maintained employment for more than three years. It appears there was a period of over a year that plaintiff did not seek treatment from Proehl. Thus, contrary to any suggestion by plaintiff, the ALJ did not discount Proehl's opinion *solely* because her diagnosis changed or his symptoms varied.

5

Although plaintiff recognizes that an ALJ may properly consider these activities, plaintiff claims that the ALJ used these activities as the sole basis for rejecting Proehl's opinion.  This Court disagrees with plaintiff in that plaintiff's work and personal activities were not the sole reason for discounting Proehl's opinion.  In all, and for the reasons stated by the Magistrate Judge, the Court finds that the ALJ's consideration of plaintiff's work and personal activities does not result in reversible error.  As set forth above, the Court finds that the ALJ's decision is supported by substantial evidence.

### **CONCLUSION**

For the foregoing reasons, the Court ACCEPTS the Report and Recommendation ("R&R") of Magistrate Judge Kathleen Burke and AFFIRMS the decision of the Commissioner.  The R&R is incorporated herein by reference.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/9/12